**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------------------------

No. 04-50028
Conference Calendar

------------------------

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LUIS ALBERTO ROJAS-MONDRAGON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1589-1-PRM
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Luis Alberto Rojas-Mondragon appeals the sentence imposed
following his guilty plea conviction of being found in the United
States after deportation/removal in violation of 8 U.S.C. § 1326.
Rojas-Mondragon contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b) define separate offenses.  He argues that the prior
conviction that resulted in his increased sentence is an element
of a separate offense under 8 U.S.C. § 1326(b) that should have
been alleged in his indictment.  Rojas-Mondragon maintains that

------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Rojas-Mondragon acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.